**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2011

No. 10-10954
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DIMAS HUMBERTO PENA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-66-5

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Dimas Humberto Pena appeals his 168-month sentence, imposed following his guilty-plea conviction for conspiracy to possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. He was sentenced at the lower end of the advisory Guidelines sentencing range. Pena contends: the district court erred in applying the two-level, leadership-role enhancement under Guideline § 3B1.1(c); it erred in failing to provide sufficient reasoning for the sentence; and the sentence was substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In contending the court erred in finding he was an organizer, leader, manager, or supervisor of the criminal activity, and applying Guideline § 3B1.1(c)'s two-level enhancement, Pena maintains: he did not recruit anyone to participate in the planned robbery of a cocaine stash house; the other factors relied upon by the district court were incidental to his role as an ordinary participant in the criminal activity; and the court erred by not requiring the Government to produce testimony to support assertions made in the presentence investigation report (PSR), and by not requiring a hearing.

The determination that defendant had an aggravating role is a factual finding reviewed for clear error. *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). Such finding need only be plausible in the light of the entire record. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The PSR stated that Pena recruited two accomplices, was involved in planning the robbery, and supplied firearms to four co-defendants. This information was sufficient to support the enhancement. *See, e.g.*, *United States v. Peters*, 978 F.2d 166, 170 & n.3 (5th Cir. 1992) (relying on facts in PSR sufficient for Guideline § 3B1.1 enhancement). Although Pena asserts that the district court should *not* have relied on the PSR, a PSR typically has "sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing", and defendant bears the burden of disproving the facts provided by the PSR. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) (citation and internal quotation marks omitted). Because Pena did not adduce evidence to rebut the facts in the PSR, the district court did not err by adopting it, including relying on facts provided by it.

In contending that the district court failed to provide sufficient reasoning for the sentence, Pena maintains the court made only a conclusional statement that the sentence was sufficient, but not greater than necessary, to meet the objectives of the sentencing factors, without identifying the sentencing factors upon which it relied. Because Pena did not object to the sufficiency of the court's

explanation, this claim is reviewed only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Under such review, defendant must show a clear or obvious error affecting his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even if such showing is made, relief is discretionary, and should be exercised only when the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings". *Id.* (citation and internal quotation marks omitted).

The district court gave fact-specific reasons for denying Pena's request for a downward departure or variance. It sentenced Pena within the advisory Guidelines sentencing range, concluding that it was sufficient, but not greater than necessary, based on that range and the 18 U.S.C. § 3553(a) sentencing factors. Accordingly, the court did not commit error. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007) (holding sentencing judge's statement of reasons was brief but legally sufficient).

Finally, Pena asserts that his sentence was substantively unreasonable because he: was a first-time, non-violent offender; joined the conspiracy with little forethought; had only a slight connection to one firearm that was involved in the offense; had a small child in Honduras; and accepted full responsibility for the offense. Conceding that our court applies a presumption of reasonableness to a within-Guidelines sentence, *e.g.*, *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008), Pena maintains the presumption has been rebutted because he has shown specific reasons why the sentence was greater than necessary.

Although post-*Booker*, the sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*,

No. 10-10954

*Cisneros-Gutierrez*, 517 F.3d at 764; *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).  Pena does not claim procedural error.

Pena fails to rebut the presumption of reasonableness that attaches to his within-Guidelines sentence.  By asserting that the sentence was greater than necessary, Pena essentially asks our court to re-weigh the § 3553 factors.  The sentencing judge, however, "is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant".  *Campos-Maldonado*, 531 F.3d at 339 (citation omitted).

AFFIRMED.